# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.Q., a minor, by and through his Guardian ad Litem, Carolyn Rodriguez-Q., Plaintiff, <br><br> v. <br><br> ALEXANDER DEKOK, et al., Defendants. | CV 18-10205 DSF (DFMx) <br><br> Order GRANTING Brunett's Motion to Dismiss (Dkt. 25), DENYING Brunett's Motion to Strike (Dkt. 25), GRANTING in PART and DENYING in PART Dekok's Motion to Dismiss (Dkt. 26), and DENYING Dekok's Motion to Strike (Dkt. 27) |

Defendants Alexander Dekok and Tonya Brunett move to dismiss Plaintiff B.Q.'s First Amended Complaint.

## I.   Factual Allegations

Plaintiff, a practicing Muslim, was a seventh-grade student at Mesa Elementary School, part of the Mesa Union School District (MUSD), during the 2017-18 school year.  Dkt. 21, First Am. Compl. (FAC), ¶¶ 17, 18.

Alexander Dekok taught Plaintiff's seventh-grade social studies class.  Id. ¶ 20.  Dekok did not address Plaintiff by his legal name during class, instead calling him "Bill."  Id.

On October 24, 2017, Dekok passed out a worksheet, taken from a website, to his seventh-grade students (including Plaintiff) containing various false statements about Sharia law and Islamic

practices.  Id. ¶ 26-27.  The worksheet included false statements such as: "a man can marry an infant girl and consummate the marriage when she is 9 years old," and "a woman or girl who alleges rape without producing 4 male witnesses is guilty of adultery."  Id. ¶ 28; id., Ex. A.[1]  The worksheet makes repeated references to rape.  Id. ¶ 29.  The back of the worksheet asks students to compare the culture depicted on the worksheet to American culture.  Id. ¶ 31.[2]  Dekok also showed two YouTube videos to his class during this lesson, which contained images of Muslims engaged in various violent behavior, fighting with guns, and whipping and enslaving each other with chains.  Id. ¶ 32.  Plaintiff was extremely upset by the lesson, id. ¶ 38, and was unable to attend several classes due to fear that Dekok hated Muslims and might harm him.  Id. ¶ 44.

On October 26, 2017, the Council on American-Islamic Relations-Los Angeles (CAIR-LA) filed a Uniform Complaint on behalf of Plaintiff.  Id. ¶ 40.  Plaintiff returned to school on November 1, 2017, on the condition that he would not have to attend Dekok's class.  Id. ¶ 44.[3]

On December 22, 2017, MUSD issued a Written Report of Findings and Decision.  Id. ¶ 54; id., Ex. C.  Brunett and Turner voted to reject the Uniform Complaint.  Id. ¶ 54.  Plaintiff's mother, who is a member of the Board, was not involved in any Board discussions pertaining to this incident.  Id. ¶ 52.  None of the other Board members spoke with Plaintiff's mother regarding

---

[1] Although the FAC refers to various "Attachments," the Court will refer to them as Exhibits.

[2] Exhibit A to the FAC actually states:  "Compare these ideas to the laws/cultures you are used to."

[3] The FAC does not specify when Plaintiff left school, but there appear to have been five school days between October 24 and November 1, 2016.

the incident.  <u>Id.</u> ¶ 53.  At the December meeting of the Board, Brunett said: "Around here, we say Merry Christmas."  <u>Id.</u>

In January 2018, CAIR-LA appealed MUSD's report to the California Department of Education (CDE).  <u>Id.</u> ¶ 103.  On March 5, 2018, the CDE issued a decision granting the appeal, finding MUSD's conclusion that it did not discriminate was not consistent with law.  <u>Id.</u> ¶ 104; <u>id.</u>, Ex. W.  The CDE also concluded that Dekok's lesson constituted discrimination based on religion in violation of California Education Code § 220.  <u>Id.</u> ¶ 107.

Plaintiff has since left Mesa Elementary School.  <u>Id.</u> ¶ 111.

## II. Legal Standard

Rule 12(b)(6) allows an attack on the pleadings for failure to state a claim on which relief can be granted.  "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."  <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam).  However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557) (alteration in original) (citation omitted).  A complaint must "state a claim to relief that is plausible on its face."  <u>Twombly</u>, 550 U.S. at 570.  This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 556 U.S. at 678.  There must be "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively . . . and factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the

opposing party to be subjected to the expense of discovery and continued litigation." <u>Starr v. Baca</u>, 652 F.3d 1202, 1216 (9th Cir. 2011).

Ruling on a motion to dismiss will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" <u>Iqbal</u>, 556 U.S. at 679 (alteration in original) (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2)).

## III.  Discussion

### A.    Claims under Section 220 (Fourth Cause of Action)

Both Dekok and Brunett move to dismiss Plaintiff's Fourth Cause of Action under California Education Code § 220, arguing they are not proper defendants under the statute.

Section 220 provides in part:

> No person shall be subjected to discrimination on the basis of disability, gender, gender identity, gender expression, nationality, race or ethnicity, religion, sexual orientation, or . . . immigration status, in any program or activity conducted by an educational institution that receives, or benefits from, state financial assistance, or enrolls pupils who receive state student financial aid.

A California Court of Appeal held that a trial court's ruling that § 220 does not apply to individual defendants was "consistent with federal law, where it is well established that only a funding

recipient, and not individuals, can be liable under Title IX." Donovan v. Poway, 167 Cal. App. 4th 567, 584 n.3 (2008).

Plaintiff argues that this Court should look to Sandoval v. Merced Union High School, No. CV F-06-066 REC/DLB, 2006 WL 1171828 (E.D. Cal. May 1, 2006). Sandoval, which predates Donovan, is not persuasive. Sandoval concludes that various Education Code sections, including § 220, give rise to a private right of action. Sandoval, 2006 WL 1171828 at *4. But it does not specifically state whether § 220 can be brought against individual defendants.

Dekok and Brunett are individuals, not funding recipients. Following Donovan, the Court therefore DISMISSES Plaintiff's Fourth Cause of Action against Dekok and Brunett, without leave to amend.

In addition, although Dr. Stephen Bluestein and Jeff Turner did not move to dismiss Plaintiff's Fourth Cause of Action, they are improper defendants for the same reason. Because there is no possibility that Plaintiff can recover against any of the individual Defendants, the Court also DISMISSES Plaintiff's Fourth Cause of Action against Dr. Bluestein and Turner, without leave to amend.[4]

## B.   Plaintiff's Constitutional Claims (First, Second, and Third Causes of Action)

Plaintiff brings three causes of action under 42 U.S.C. § 1983 against all Defendants in their individual capacities for violations

---

[4] A district court may *sua sponte* dismiss a claim under Fed. R. Civ. P. 12(b)(6) without notice where the claimant cannot possibly obtain relief.  See, e.g., Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987).

of the First Amendment's Establishment Clause and the Fourteenth Amendment's Equal Protection Clause.

## 1. Defendants Can Be Sued in Their Individual Capacity

Both Dekok and Brunett move to dismiss Plaintiff's constitutional claims because they were brought against them in an individual capacity, rather than an official capacity.

"Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." Kentucky v. Graham, 473 U.S. 159, 165 (1985).[5] "Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" Id. at 165-66 (citing Monell v. N.Y.C. Dep't of Social Services, 436 U.S. 658, 690 n.55 (1978)).

Defendants' arguments that because their actions were undertaken during the course of their duties, they can only be sued under § 1983 in their official capacity is simply wrong. See Stivers v. Pierce, 71 F.3d 732, 750 (9th Cir. 1995) (citing Hafer v. Melo, 502 U.S. 21, 31 (1991)) ("The fact that the defendants were acting under color of state office does not shield them from personal liability under section 1983."). If this were the case, it would, in effect, provide absolute immunity to any action taken by a government official while acting under color of state law.[6]

---

[5] A "personal-capacity" suit under § 1983 is the same thing as an "individual-capacity" suit. See Graham, 473 U.S. at 165 n.10.

[6] It would also, in effect, fully immunize public school teachers under the Eleventh Amendment. See Corales v. Bennett, 567 F.3d 554, 573 (9th Cir. 2009) (citing Belanger v. Madera Unified Sch. Dist., 963 F.2d 248, 254 (9th Cir. 1992)) (holding school districts in California are immune from § 1983 claims by virtue of the Eleventh Amendment).

Neither Dekok nor Brunett is entitled to dismissal of Plaintiff's constitutional claims on this ground.

### 2.    Constitutional Claims Against Brunett

Brunett moves to dismiss all three of Plaintiff's constitutional claims.  Plaintiff pleads that the following actions show Brunett was personally involved in the deprivation of Plaintiff's civil rights: her vote as a member of the Board against the Uniform Complaint, and a comment she made to Plaintiff's mother that "Around here, we say Merry Christmas."  FAC ¶¶ 53-54.

The elements of a Section 1983 claim are: (1) violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a "person" (4) acting "under color of state law."  Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991).

Brunett argues that she is incapable of acting individually to issue the school district's decision on the Uniform Complaint. Dkt. 25 at 8-9.  The Court must therefore consider whether Brunett's vote as a member of the Board could have proximately caused Plaintiff's alleged constitutional injury.

Plaintiff alleges (on information and belief) that Brunett (and Superintendent Turner) voted against his Uniform Complaint, and that they harbored discriminatory intent when they did so.[7]

---

[7] Brunett asserts that her vote is protected from disclosure under the Brown Act.  Dkt. 25 at 12 n.2.  As have multiple district courts in this Circuit, the Court declines to find that the Brown Act creates a privilege that would prevent disclosure of Brunett's vote.  See Kaufman v. Board of Trustees, 168 F.R.D. 278, 280 (C.D. Cal. 1996) ("[T]he Brown Act does not establish an evidentiary privilege at all; rather, it merely permits the withholding of certain information from the public generally."); see also N. Pacifica, LLC v. City of Pacifica, 274 F. Supp. 2d 1118, 1126 (N.D. Cal. 2003) ("The Brown Act is not a privilege recognized under federal law.").

FAC ¶ 54.  Because the Board acts by majority vote, see Cal. Educ. Code § 35164, Brunett argues that a single vote did not cause the denial of the Uniform Complaint that allegedly violated Plaintiff's constitutional rights.

Brunett cites Kawaoka v. City of Arroyo Grande, 17 F.3d 1227 (9th Cir. 1994), cert. denied, 513 U.S. 870.  Kawaoka holds that a municipality cannot be held liable under a § 1983 equal protection challenge based solely on discriminatory statements by a single council member.  Id. at 1239 ("[T]he fact that Olsen made two deplorable comments off-duty does not mean that the City may be held liable for discrimination.").  In reaching that conclusion, the Ninth Circuit considered whether certain statements made by a member of the city council to the plaintiffs' real estate agent, statements described by the Ninth Circuit as "insensitive and disturbing and . . . evidence of prejudice" were sufficient to raise a claim that a government action was motivated by racial discrimination.  Id.  Finding that there was a rational basis for the city council's actions (a general plan and temporary water moratorium), the Ninth Circuit held that one statement without additional evidence is insufficient to state a claim for racial discrimination under the Equal Protection Clause.  Id. (citing Fed. Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991)).

Brunett also points to Jeffries v. Harleston, 52 F.3d 9, 14 (2d Cir. 1995).  There the Second Circuit held that "elementary principles of causation compel the conclusion" that the plaintiff's constitutional rights were not violated because there was no reasonable probability that six defendants tainted a vote to demote the plaintiff, even if the defendants had malicious intent, because nine votes based on legitimate grounds were a superseding cause.  Therefore, the six defendants could not have caused a cognizable injury to the plaintiff.  Id.

Looking to these cases for guidance, the Court finds Plaintiff has not stated a claim.  Plaintiff has not pleaded sufficient facts showing the allegedly discriminatory vote of Brunett, even assuming her vote was discriminatory, was the proximate cause of any potential violation of Plaintiff's constitutional rights.  There are no specific factual allegations that any other member of the Board acted (or voted) with improper purpose, and only one member of the Board[8] (Brunett) is a Defendant here.  The Court concludes that Plaintiff has failed to sufficiently plead that Brunett's single vote was the proximate cause of any constitutional harm suffered by Plaintiff.

More generally, Plaintiff argues that by "ratifying" the actions of Dekok, Brunett should be held liable under § 1983.  Under § 1983, a "plaintiff must allege facts, not simply conclusions, that show that an individual was *personally involved* in the deprivation of his civil rights."  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (emphasis added).  Further, vicarious liability is not applicable to suits under § 1983, although supervisory officials may be liable on the basis of their own acts or omissions.  See Iqbal, 556 U.S. at 676; Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011).  Accordingly, claims that supervisors are liable under § 1983 must plead specific facts demonstrating that their acts or omissions caused a deprivation of Plaintiff's constitutional rights. The Court finds Plaintiff's allegations are insufficient to show that Brunett was *personally involved* in the deprivation of Plaintiff's

---

[8] It is not clear whether Turner is a member of the Board.

civil rights[9] or that Brunett was Dekok's supervisor.[10]  The FAC fails to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.[11]

Plaintiff's First, Second, and Third Causes of Action against Brunett are DISMISSED, with leave to amend.  Brunett's motion to strike is DENIED as moot.

## C.    Qualified Immunity

Dekok argues he is entitled to qualified immunity.  Dekok's argument, insofar as the Court understands it, is that he is entitled to qualified immunity because he was performing within his discretion as a school teacher when he created his lesson plan. Dkt. 26, at 7-9.

Qualified immunity is more than a mere defense at trial; it is an entitlement not to stand trial or face the other burdens of

---

[9] The Court also finds that Brunett's alleged statement regarding Christmas, without any allegation that it was made in the presence of Plaintiff, could not on its own be the proximate cause of a constitutional injury to Plaintiff.  This distinguishes the case from S.V. v. Delano Union Sch. Dist., 2018 WL 400321 at *2 (E.D. Cal. Jan. 12, 2018) (citing Doe v. L.A. Unified Sch. Dist., No. 2:16-cv-00305-CAS (JEMx), 2017 WL 797152 (C.D. Cal. Feb. 27, 2017)).  In S.V., cited by Plaintiff, the comments at issue were made directly to the plaintiff. Id.

[10] Plaintiff does not allege that the other Board members supervised Dekok (unless Turner is also a Board member).

[11] Plaintiff's FAC, and his oppositions to Brunett and Dekok's motions to dismiss, are vague and confusing.  Plaintiff pleads three different constitutional claims against four individual defendants.  For each claim, Plaintiff should be clear as to which facts give rise to a plausible inference that he can recover against that defendant under that claim.  Plaintiff should also take care to plead facts concerning how each individual Defendant was *personally* involved in the deprivation of his civil rights, under each claim.

litigation.  Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).  Because the benefit of immunity is effectively lost if the case erroneously goes to trial, the Supreme Court repeatedly has stressed the importance of resolving immunity questions at the earliest possible stage of the litigation.  Saucier v. Katz, 533 U.S. 194, 200-01 (2001) overruled in part by Pearson v. Callahan, 555 U.S. 223 (2009).  To determine if a defendant is entitled to qualified immunity, the Court must ask "two questions: (1) whether, taking the facts in the light most favorable to the nonmoving party, the government official's conduct violated a constitutional right, and (2) whether the right was clearly established at the time of the alleged misconduct."  C.F. ex rel. Farnan v Capistrano Unified Sch. Dist., 654 F.3d 975, 986 (9th Cir. 2011) (citing Saucier, 533 U.S. at 200-01).

Dekok's motion, after citing various precedents, completely ignores the questions the Court must consider.  See Dkt. 26, at 7-9.  It is not the role of the Court to make parties' arguments for them.  See Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929 (9th Cir. 2003).  Because Dekok completely ignores these questions, the Court is not able to decide whether he is entitled to qualified immunity at this time.

The Court acknowledges the need to address immunity issues at the earliest possible stage of litigation.  But because the Court is granting Plaintiff leave to amend, Dekok may again move to dismiss Plaintiff's claims on qualified immunity grounds after Plaintiff files an amended complaint.  Dekok's counsel is encouraged to carefully review qualified immunity law before filing this motion, and to carefully address whether, for each claim asserted against him, he is entitled to qualified immunity.[12]

---

[12] Dekok's motion to strike is DENIED.

## IV.  Conclusion

Plaintiff's Fourth Cause of Action is DISMISSED, without leave to amend.  Plaintiff's First, Second, and Third Causes of Action against Brunett are DISMISSED, with leave to amend.  An amended complaint may be filed and served no later than June 10,2019.  Failure to file by that date will waive the right to do so.  The Court does not grant leave to add new defendants or new claims.  Leave to add new defendants or new claims must be sought by a separate, properly noticed motion.[13]

IT IS SO ORDERED.

Date: May 13, 2019

Dale S. Fischer
United States District Judge

---

[13] Plaintiff is ordered to comply with this Court's requirements for filing documents, including tabbing all exhibits to his amended complaint.