**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| B. Q., a minor by and through his Guardian Ad Litem Carolyn Rodriguez-Q., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ALEXANDER DEKOK, in his individual capacity; TONYA BRUNETT, in her individual capacity, <br><br> Defendants-Appellees, <br><br> and <br><br> MESA UNION SCHOOL DISTRICT; et al., <br><br> Defendants. | No. 19-56348 <br><br> D.C. No. 2:18-cv-10205-DSF-DFM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted October 5, 2020
Pasadena, California

Before: M. SMITH and OWENS, Circuit Judges, and CARDONE,[**] District

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

Judge.

Plaintiff-Appellant B.Q., a minor, by and though his *guardian ad litem*, appeals from the district court's dismissal of his Establishment Clause claim on qualified immunity grounds. Appellant argues that the district court erred: (1) in determining that Defendant-Appellee Alexander Dekok's social studies lesson plan did not violate clearly established law; and (2) by ruling on qualified immunity at the pleading stage. We have jurisdiction under 28 U.S.C. § 1291. As the parties are familiar with the facts, we do not recount them here. We affirm.

We ask two questions when determining whether an official is entitled to qualified immunity: "(1) whether there has been a violation of a constitutional right; and (2) whether that right was clearly established at the time of the officer's alleged misconduct." *C.V. ex rel. Villegas v. City of Anaheim*, 823 F.3d 1252, 1255 (9th Cir. 2016) (citation omitted). Courts may address the second prong first, "particularly where it is plain that a constitutional right is not clearly established but far from obvious whether in fact there is such a right." *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 986 (9th Cir. 2011) (citation and internal quotation marks omitted).

Regarding the clearly established prong, officials are subject to suit only for actions they knew or should have known were unlawful "in the light of pre-existing law." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (citation omitted); *see*

*Wilk v. Neven*, 956 F.3d 1143, 1148 (9th Cir. 2020). In other words, a violation of a clearly established right occurs when it is "sufficiently clear that every reasonable official would have understood that what [they are] doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (per curiam) (citation omitted). While we do not require a case directly on point, "existing precedent must have placed the statutory or constitutional question beyond debate." *Sampson v. Cnty. of Los Angeles*, --- F.3d ----, No. 18-55450, 2020 WL 5405672, *5 (9th Cir. Sept. 9, 2020) (citation omitted).

    Here, Appellant failed to satisfy his burden of providing precedent, controlling or otherwise, clearly establishing that every reasonable official in Appellee's position would understand that the lesson plan violated Appellant's Establishment Clause rights. *See Alston v. Read*, 663 F.3d 1094, 1098 (9th Cir. 2011). Additionally, Appellant has not shown that the purported Establishment Clause violation here is so "obvious" that Appellee would be on notice "even without a body of relevant case law." *See Brosseau v. Haugen*, 543 U.S. 194, 199 (2004) (per curiam); *cf. Hernandez v. City of San Jose*, 897 F.3d 1125, 1138 (9th Cir. 2018). As such, it is unnecessary to address the first prong of the analysis, *Jessop v. City of Fresno*, 936 F.3d 937, 940 (9th Cir. 2019), and the district court did not err in granting Appellee qualified immunity.

Because qualified immunity is "an immunity from suit rather than a mere defense to liability," *Pearson v. Callahan*, 555 U.S. 223, 237 (2009) (citation omitted), the Supreme Court has directed courts to resolve such questions "at the earliest stage of litigation possible," *A.D. v. California Highway Patrol*, 712 F.3d 446, 456 (9th Cir. 2013) (citations omitted). Defendants can raise qualified immunity immediately, and district courts may grant a motion to dismiss on qualified immunity grounds if the record supports such a ruling. *Id.*

Here, by addressing qualified immunity at the motion to dismiss stage, the district court appropriately resolved the question at the earliest stage of the litigation possible. Appellant cites no precedent supporting his argument that district courts are not allowed to do so.

**AFFIRMED**.